**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) <br> ) **CIVIL ACTION NO.** <br> ) |
| **Plaintiff,** | ) <br> ) |
| v. | ) <br> ) **COMPLAINT** |
| **HAT WORLD, INC. d/b/a LIDS,** | ) <br> ) |
| **and** | ) **JURY TRIAL DEMAND** <br> ) |
| **GENESCO, INC.,** | ) <br> ) |
| **Defendants.** | ) <br> ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices and to provide appropriate relief to Jalesa Staton ("Staton"), who was adversely affected by such practices. Specifically, Plaintiff Equal Employment Opportunity Commission (the "Commission") alleges that Defendants Hat World, Inc. d/b/a Lids and Genesco, Inc. (collectively "Defendants") disciplined, transferred, and discharged Staton in retaliation for engaging in activity protected under Title VII.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia.

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Hat World, Inc. d/b/a Lids ("Hat World") has been a Minnesota corporation doing business in the Commonwealth of Virginia and the City of Chesapeake, and has continuously had a least fifteen (15) employees.

5. At all relevant times, Hat World has continuously been an employer engaged in industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Genesco, Inc. ("Genesco") has been a Tennessee corporation doing business in the Commonwealth of Virginia and the City of Chesapeake, and has continuously had a least fifteen (15) employees.

7. At all relevant times, Genesco has continuously been an employer engaged in industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8. On information and belief, at all relevant times Hat World was a division of Genesco and Hat World and/or Genesco, separately and/or collectively, conducted business under the name "Lids."

9. Based on the relationship between Hat World and Genesco, both Hat World and Genesco were Staton's employer for all relevant purposes.

ADMINISTRATIVE PROCEDURES

10. More than thirty days prior to the institution of this lawsuit, Staton filed a charge with the Commission alleging violations of Title VII by Defendants.

11. On August 29, 2018, the Commission issued a Determination finding reasonable cause to believe that "Genesco, Inc. dba Hat World" violated Title VII and inviting "Genesco, Inc. dba Hat World" to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief. The Commission issued an Amended Determination on October 17, 2018 correcting the names of the subject employers to "Genesco, Inc." and "Hat World, Inc. dba Lids." The Amended Determination similarly invited "Genesco, Inc." and "Hat World, Inc. dba Lids" to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

12. The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Amended Determination.

13. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

14. On December 11, 2018, the Commission issued a Notice of Failure of Conciliation to Defendants.

15. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

16. From at least January 24, 2017 through on or about May 31, 2017, Defendants engaged in unlawful employment practices at the "Lids" stores at Greenbrier Square in

Chesapeake, Virginia and Military Circle mall in Norfolk, Virginia, in violation of Section 704(a) of Title VII, 42 U.S.C. 2000(e)-3(a), when they retaliated against Jalesa Staton for engaging in activity protected under Title VII, as described more fully below.

17. Staton began working for Defendants on or about July 18, 2013 as an assistant store manager assigned to the "Lids" store at MacArthur Center mall in Norfolk, Virginia.

18. In or around October 2015, Staton was transferred to the "Lids" store at Greenbrier Square, in Chesapeake, Virginia.  Staton was promoted to store manager of the Greenbrier Square store shortly after her transfer.

19. On or about February 3, 2016, Staton sent an email to Defendants' human resources office complaint line complaining about sexual harassment, specifically about sexual comments and touching she was being subjected to by her male direct supervisor.  Staton did not receive a response from Defendants to her February 3, 2016 email.

20. On February 23, 2016, Staton sent a second email to Defendants' human resources complaint line inquiring as to the status of her February 3, 2016 sexual harassment complaint.  Staton did not receive a response to her February 23, 2016 email.

21. On March 14, 2016, Staton sent a third email to Defendants' human resources complaint line in an attempt to follow-up on her February 3, 2016 email complaint.  Staton subsequently received an email from Defendants on March 14, 2016, that stated, "we have addressed your concerns and hope that this issue will be resolved going forward."

22. On or about January 31, 2017, Staton sent another email to Defendants' human resources complaint line, reporting that on January 24, 2017, her direct supervisor made sexual comments to her and accused her of having filed a false sexual harassment complaint against him in the past.

23. Also on or about January 31, 2017, Staton contacted Defendants' human resources department by telephone and verbally complained about her direct supervisor's sexual comments and accusation.

24. On or about February 6, 2017, a manager from Defendants' human resources department emailed Staton with a proposal that Staton's Regional Manager serve as her direct supervisor, or alternatively that someone be present when Staton's direct supervisor – whom Staton had complained about - was present in Staton's store.

25. On or about February 8, 2017, Staton received an email from her Regional Manager inviting Staton to participate in a telephone conference on February 10, 2017 to discuss a management plan for Staton and her store.

26. On or about February 9, 2017, Staton received an email from her Regional Manager that included an agenda for the meeting that was to take place on February 10, 2017. The Regional Manager's email appeared to place Staton on a formal performance plan when Staton had not been placed on a performance plan previously. The Regional Manager's email stated that Staton was to email the Regional Manager and Staton's new district manager that Staton acknowledged and understood her role and responsibilities related to the expectations of the "plan."

27. On February 10, 2017, Staton participated in a telephone conference call with her Regional Manager and the new district manager to whom she would report.

28. On or about May 12, 2017, Staton's former direct supervisor and new district manager prepared a final written warning for Staton.

29. On or about May 15, 2017, Staton's Regional Manager issued the aforementioned "final written warning" to Staton.

30. Defendants issued the aforementioned "final written warning" to Staton in retaliation for Staton's February 2016, March 2016 and/or January 2017 complaints about sexual harassment.

31. On or about May 15, 2017, Staton's Regional Manager informed Staton that Staton would be involuntarily transferred to the Military Circle mall store in Norfolk, Virginia effective May 20, 2017. Staton was advised that her position would remain the same as Military Circle store manager. At the time, it was rumored that the Military Circle store would be closed.

32. Defendants transferred Staton to the Military Circle store in retaliation for Staton's February 2016, March 2016 and/or January 2017 complaints about sexual harassment.

33. On May 15, 2017, Staton forwarded the Regional Manager's February 10, 2017 meeting agenda to hr@lids.com. In her May 15, 2017 email, Staton complained to hr@lids.com that the Regional Manager's focus had been not on her sexual harassment allegations, but on her job performance, and that the Regional Manager made her agree to a long contract about her job performance.

34. On May 16, 2017, Staton filed a charge of discrimination with the Commission, Charge No. 437-2017-00744, alleging violations of Title VII by "Genesco, Inc. d/b/a Lids-Hat World."

35. On May 18, 2017, the Commission served Notice of EEOC Charge No. 437-2017-00744 on Defendants electronically via the EEOC's electronic "Respondent portal" to HR@lids.com.

36. On or about May 20, 2017, Staton began working at the Military Circle store in Norfolk, Virginia as the store manager.

37. On May 23, 2017, Defendants viewed EEOC Charge No. 437-2017-00744 on the Respondent portal.

38. On or about May 31, 2017, Defendants terminated Staton's employment.

39. Defendants terminated Staton's employment in retaliation for Staton's February 2016, March 2016, January 2017 and/or May 2017 complaints about sexual harassment, and/or in retaliation for Staton filing EEOC Charge No. 437-2017-00744.

40. The unlawful employment practices complained of above were intentional.

41. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Staton.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from  discriminating against current or former employees:  (i) based on their opposition to unlawful employment practices or employment practices which employees reasonably believe to be declared unlawful by any statute enforced by the Commission, and/or (ii) based on their participation in Commission processes including the filing of any charge or participation in any investigation.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who (i) oppose unlawful employment practices or employment practices which employees reasonably believe to be unlawful under any statute enforced by the Commission and/or who (ii) participate in Commission processes including the filing of any charge or participation in any investigation.

  C. Order Defendants to make Jalesa Staton whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described above, including but not limited to reinstatement or front pay.

  D. Order Defendants to make Jalesa Staton whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

  E. Order Defendants to make Jalesa Staton whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, loss of civil rights, and humiliation, in amounts to be determined at trial.

  F. Order Defendants to pay Jalesa Staton punitive damages for their malicious and reckless conduct, as described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

        U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        EQUAL EMPLOYMENT OPPORTUNITY

COMMISSION
131 M Street, NW
Washington, D.C. 20507

LYNETTE A. BARNES
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202

KARA GIBBON HADEN (VA Bar 39682)
Supervisory Trial Attorney

**s/ *Amy E. Garber*** 
AMY E. GARBER (VA Bar 37336)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Norfolk Local Office
200 Granby St., Suite 739
Norfolk, VA 23510
Telephone: (757) 441-3134
Facsimile: (757) 441-6720
Email: amy.garber@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

9